LAW L!BRARY

NO. 30638

lN THE SUPREME COURT OF THE STATE OF HAWAlT

vii

`¥",
TP!

 

JOHN KALUATJ lIl, PetitiOner,

 

VS.

c:RcU:T CoURT oF THE TH1RD c:RcUIT,
sTATE or HAwA:T, ReSp@ndent.

 

Q,
.P

ORIGlNAL PROCEEDlNG j J§,
(FC-CR NOS. 09-1-l93K, 09-1-l94K, 09-1-l95K}

ORDER

(By: Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Upon consideration of John KaluaU1 I11's July 21, 2010

letter to the Chief Justice, which we treat as a petition for a

writ of mandamus, it appears that petitioner is not entitled to

mandamus relief. ee HRS § 602-5(3) (Supp. 2009) ("The supreme

court shall have jurisdiction and power to exercise
original jurisdiction in all questions arising under writs
directed to courts of inferior jurisdiction and returnable before

the supreme court."); Kema v. Gaddis, 91 HawaiH.200, 204, 982

P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary

remedy that will not issue unless the petitioner demonstrates a
clear and indisputable right to relief and a lack of alternative
means to redress adequately the alleged wrong or obtain the

requested action.). Therefore,

1T 18 HEREBY ORDERED that the clerk of the appellate

court shall process the July 21, 2010 letter as a petition for a

writ of mandamus without payment of the filing fee.

IT 13 FURTHER ORDERED that the petition for a writ of
mandamus is denied.

DATED: Honolulu, HawaiUq AuguSt 2, 2010_
team/car £¢.‘~1\21»*<£¢¢/[ LUY\@~
@..~= e. »Q~»M~¢» 9~-

mwv\ $".